UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3:16-CR-082-CHB-LLK-1 |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS [R. 255]** |
| ISMAEL GONZALEZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Ismael Gonzalez's Motion to Suppress Illegal Seized Evidence ("Motion to Suppress"). [R. 255] This matter was referred to Magistrate Judge Lanny King for a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. Crim. P. 59(b)(1). [R. 256, R. 261] For the reasons stated herein, the Court adopts Judge King's R & R [R. 281] and denies the defendant's Motion to Suppress.

In this motion, Defendant Gonzalez asks the Court to suppress evidence seized from the United States' search of a semi-truck that uncovered large quantities of cocaine and heroin, arguing that the search exceeded the permissible scope of the search warrant. [R. 255] In its Response, the United States argues that the defendant lacks standing to challenge the seizure of drugs recovered from this semi-truck. [R. 259] Following a Telephonic Status Conference, the Court requested the parties to file supplemental briefing on the issue of Defendant Gonzalez's standing to challenge the search conducted by law enforcement. [R. 263] Defendant Gonzalez filed a Brief in Support of Standing to Challenge Search. [R. 265] Defendant Catalan filed a motion to join Defendant Gonzalez's Motion to Suppress [R. 266]. The United States then filed

- 1 -

a Response in opposition to both Defendant Gonzalez's Motion to Suppress and Defendant Catalan's Motion for Joinder. [R. 268]

In Defendant Gonzalez's supplemental brief, defendant references a 40-minute conversation he had with an unidentified male ("UM") in which he allegedly claimed ownership of the semi-truck in question. [R. 265] The United States responded in opposition. [R. 268] Judge King then issued a report recommending denial of Gonzalez's Motion to Suppress on the grounds that Defendant Gonzalez lacked standing. [R. 271] Defendant Gonzalez filed a timely objection challenging Judge King's Findings of Fact regarding the ownership of the vehicle. [R. 275] However, according to Judge King's revised R & R [R. 281], the prior report "inadvertently and erroneously also recommended denial of Catalan's motion to join Gonzalez' motion." [R. 281] (citing R. 271, at p. 4 referring to Catalan's motion at [R. 266]). According to Judge King, because this "error . . . resulted in confusion" Judge King withdrew the prior R & R [R. 271] and issued two separate reports [R. 281, 282] recommending that this Court deny both Defendant Gonzalez's Motion to Suppress [R. 255] and Defendant Catalan's Motion for Joinder [R. 266]. Judge King further indicated that the revised Gonzalez R & R [R. 281] incorporated "additional factual information learned in the further briefing on [Defendant] Catalan's motion (Docket # 276, 278), which clarifies and simplifies the analysis." [R. 281, at p. 2]

In the revised R & R, Judge King again recommended that the Court deny Defendant Gonzalez's Motion to Suppress [R. 255] because he lacks standing to object to the search in question. [R. 281] Judge King's R & R instructed the parties to file any specific written objections within fourteen days of the opinion or else waive the right to further review. *Id.* The time for objections to the magistrate judge's R & R has now run, and no objections have been filed. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Because no party has objected to

the R & R, the Court may adopt it without review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Nevertheless, the Court has conducted its own review of the record and finds no error in Magistrate Judge King's R & R at [R. 281]. Defendant Gonzalez's Objection to the withdrawn R & R (now moot) disputed the finding that Co-Defendant Argueta, rather than Defendant Gonzalez, owned the semi-truck that was searched. *See* [R. 265, R. 275] Defendant Gonzalez alleges a possessory interest and/or ownership in the semi-truck, based on a conversation with an UM where Gonzalez claimed the truck belonged to him. *Id.* As Judge King points out, however, the United States submitted a sworn statement from Special Agent Jennifer Traud of the Drug Enforcement Agency ("DEA") that referenced "[p]ublic and law enforcement databases which show[ed] that [Co-Defendant] Oscar Argueta was the owner and registrant of the semi[-truck] (VIN 1FUPDSZBXXDB02522) searched on July 2, 2018, from at least 2013 through 2017." [R. 281, at p. 5] (citing to [R. 268, at p. 4]). These databases listed the addresses of Co-Defendant Argueta's residence and business, Argo Transport, in Houston, Texas. [R. 268, at p. 4] Further, when law enforcement entered the property and approached the semi-truck, Co-Defendant Argueta was alone in the truck with the engine still running, having just arrived on the property. [R. 276, at p.2] As Judge King makes clear, "Gonzalez has not alleged or submitted any proof that, at the time of the search, he, in fact, owned the truck, drove the truck, was a passenger in the truck, or was in possession or control of the truck. He, therefore, has no standing to object to the search of some[one] else's (Argueta's) truck." [R. 281, at p. 5] Since the defendant carries the burden of proof on the issue of standing, the Court agrees with Judge King's analysis: the

defendant has not made the appropriate showing that he has standing to challenge the search. *United States v. Mathis*, 738 F.3d 719, 729 (6th Cir. 2013).

For the reasons stated herein, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 281**] is **ADOPTED** as the Opinion of this Court.

2. The Court **DENIES** Defendant Gonzalez's Motion to Suppress Illegal Evidence [**R. 255**].

This the 27th day of December, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record