FILED
VANESSA L. ARMSTRONG, CLERK

JUL 09 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                            CRIMINAL ACTION NO. 3:16CR-00082-CHB

ISMAEL GONZALEZ                                                                        DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(a)(2) and Rule 11(c)(1) (C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Ismael Gonzalez, and his attorney, Rob Eggert, have agreed upon the following:

1.     Defendant acknowledges that he has been charged in the First Superseding Indictment in this case with a violation of Title 21, United States Code, Section 846 under Count 1 and a violation of Title 18, United States Code, Section 1956(h) under Count 2. Defendant further acknowledges that the First Superseding Indictment in this case seeks forfeiture of any and all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as a result of said offense, and any and all of the defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violation alleged in this First Superseding Indictment including but not limited to: Smith & Wesson, .40 caliber handgun with loaded magazine, SN: DWK5015; Beretta, .40 caliber handgun with loaded magazine and 2 additional magazines, SN: PX187911; and Ammunition.

2. Defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree that this is a conditional plea under Rule 11(a)(2) and that defendant specifically reserves the right to appeal the following decisions: Docket Numbers 180, 283 and 287. The parties agree to the following factual basis for this plea:

Beginning on or about May 3, 2016 and continuing until July 2, 2016, Ismael Gonzalez conspired with others to possess and distribute narcotics including heroin and cocaine in the Louisville, Kentucky area. As part of the conspiracy, Gonzalez engaged in intercepted phone conversations in which he discussed the delivery of narcotics to Louisville which would be shipped by semi tractor-trailer. On July 2, 2016, the DEA seized what laboratory testing confirmed to contain 31.968 kilograms of cocaine; 15.4 grams of cocaine base and 4.6 kilograms of heroin. The narcotics were located inside the cab of a tractor-trailer operated by Oscar Argueta. Gonzalez had engaged in intercepted phone conversations discussing the delivery and receipt of this shipment which would have been distributed to other co-conspirators for sale.

On or about July 1, 2016, Ismael Gonzalez conspired with others to conduct financial transactions which he knew involved drug proceeds, to promote drug dealing, which is a specified unlawful activity. In the course of this conspiracy, Gonzalez and associates received $400,000 in drug proceeds on July 1, 2016.

4. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item

subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency. Defendant's agreement to forfeit includes but is not limited to: Smith & Wesson, .40 caliber handgun with loaded magazine, SN: DWK5015; Beretta, .40 caliber handgun with loaded magazine and 2 additional magazines, SN: PX187911; and Ammunition. The United States agrees not to forfeit any real or personal property located at Davids Drive.

     5.     Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 15 years a maximum term of imprisonment of life, a maximum fine of $10,500,000, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

     6.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding

that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

7. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

8. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

   A. If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

   B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

9. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-Agree with defendant that a sentence of 180 months imprisonment followed by 5 years' supervised release is the appropriate disposition of this case.

-Agree that the sentence imposed in this case shall run concurrently with the sentence imposed in the Eastern District of Kentucky under Indictment Number 6:15-CR-33 which will not exceed 188 months.

-Agree not to seek sentencing enhancements under the Sentencing Guidelines.

-demand forfeiture.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case. The applicable guidelines will be determined at sentencing

A. The Applicable Offense Level should be determined at sentencing; and

5

B.  The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13.  Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Defendant has entered a conditional plea under Rule (a)(2) and specifically reserves the right to appeal the decisions set forth specifically in paragraph 3 of this agreement. Except for appeal on the aforementioned decisions, unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty is are unconstitutional, (2) the admitted conduct does not fall within the scope of the statutes, and (3) waives indictment on any enhancements to his sentence made under 21 U.S.C. § 851.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

17. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

18. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

19. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By: *[signature]*  7/9/19
_____   _____
Robert B. Bonar                  Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

*[signature]*  7/9/19
_____   _____
Ismael Gonzalez                  Date
Defendant

8

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____  _____2/9/19_____
Rob Eggert                  Date
Counsel for Defendant


RMC:RBB