UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | CASE NO. 3:16-CR-82-CHB |
| ISMAEL GONZALEZ | DEFENDANT |

**DEFENDANT GONZALEZ'S**
**SENTENCING MEMORANDUM**

Comes the defendant, Ismael Gonzalez, through counsel, and respectfully urges this Court to accept the plea offer entered into between him and the United States, in all of its aspects, including the understanding that Mr. Gonzalez would not be subjected to any sentencing enhancements. Specifically, Mr. Gonzalez requests that the Court not adopt the Presentence Investigation Report's ("PSR") recommendation that Mr. Gonzalez receive a 3-level increase as a manager or supervisor. This objection was made to the PSR, but remains unresolved.

During plea negotiations, the parties agreed that sentencing enhancements would not be sought. The agreed upon sentence is within the Guideline range when the enhancement is not applied. The offense conduct agreed to by the parties and admitted by the defendant does not include any facts that would support a finding that Mr. Gonzalez was a manager or supervisor. The PSR states that the offense conduct was obtained from the government (who have agreed not to seek enhancements), the Criminal Complaint, and the plea agreement (which does not include language in support of the enhancement). It thus appears that the determination that Mr. Gonzalez was a manager or supervisor was made by reference to the Criminal Complaint. While the use of Criminal Complaints to justify Guidelines enhancements has not been litigated at the appellate level, the use of such documents for determination of ACCA qualification at sentencing

has been found to be unconstitutional as the Complaints are not considered factually reliable enough to support that sentencing enhancement. "This Court has cautioned against relying on a PSR's description of the factual circumstances underlying a prior conviction in determining a defendant's eligibility for a sentence enhancement, likening it to descriptions that one might expect to find in a police report or application for criminal complaint." *United States v. Ferguson*, 681 F.3d 826, 832 (6th Cir. 2012). A Guidelines sentencing enhancement is not mandatory, and thus is not subject to the same Constitutional protections as a statutory mandatory minimum, but the implication as to the factual reliability of Criminal Complaints is relevant to Mr. Gonzalez's situation.

In responding to the PSR objection, the probation officer cited the Judiciary's Monograph 107. Defense counsel does not have access to the current Monograph, but the 2006 version has been cited and archived and is available on-line, courtesy of the Ninth Circuit, at <http://cdn.ca9.uscourts.gov/datastore/library/2013/02/26/Horvath_presentence.pdf>. The 2006 edition contains the same language as cited by the probation officer. The available Monograph is cited for context and response as persuasive and instructional for approaching this matter. The Monograph has a section addressing the standard of proof: "Some information may be obtained from highly reliable sources, while other information may be highly speculative and potentially damaging to the defendant, particularly when such information cannot be independently verified and is not particularly relevant to sentencing [...] it is important that the probation officer distinguish between information that is factual, inferred, or alleged." (Publication 107, p. III-2).

A finding by this Court that Mr. Gonzalez was a manager or supervisor would have a serious detrimental impact on Mr. Gonzalez. When the crime of conviction involves heroin or methamphetamine, as in this case, the a finding by the sentencing court that the defendant was a

manager or supervisor disqualifies the defendant from taking advantage of incentives for success under the FSA. (*See*, FSA Law, Section 101, Subsection 3632(d)(4)(D) Ineligible Prisoners). This disqualification was a significant part of the plea negotiations in this case. According to the Criminal History section of the PSR, Mr. Gonzalez has been incarcerated one time prior to the instant offense. He served seventeen months on a federal felony conviction for aiding and abetting the possession of cocaine in 2005. Mr. Gonzalez does not appear to be a hardened criminal and would be in an excellent position to take advantage of the First Step Act and all it offers to help inmates become healthy, productive members of society. One entry in the PSR stands to undermine that intent bargained for by the parties. Paragraph 43 suggests that, based on conclusory language contained in the Criminal Complaint, Mr. Gonzalez was a manager or supervisor. Mr. Gonzalez urges, and respectfully requests, that this Court not adopt that finding. Such a finding would not affect the agreed upon sentence, but would serve to exclude Mr. Gonzalez from beneficial First Step Act programs.

WHEREFORE, Mr. Gonzalez requests this Honorable Court to accept the plea deal and sentence him as agreed to by the parties.

/s/ Tricia Lister_____
Tricia Lister
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2019, the foregoing motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all of the attorneys of record.

/s/ Tricia Lister\_\_\_\_\_
Tricia Lister